FRED REKEMEYER, Appellant, v. H. R. WEIH, Appellee.

**ELECTIONS:** Contest—Township Officers. A contest to determine the election of township officers is authorized by Sec. 1250, Code, 1897.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

APRIL 1, 1924.

THIS is an election contest. The proceeding was brought into the district court on appeal from an order of dismissal by an inferior tribunal organized pursuant to Code Section 1201, hereinafter quoted. The office involved in the contest is that of township trustee. The inferior tribunal, referred to in the record as the "Contest Court," dismissed the proceeding for want of jurisdiction. Such order was approved and affirmed in the district court. The contestant has appealed from such affirming order.—*Reversed.*

*F. J. Casterline & Son,* for appellant.

*J. C. France,* for appellee.

EVANS, J.—This proceeding is predicated upon Chapter 7 of Title VI of the Code of 1897. Such chapter comprises Section 1198 to Section 1250, inclusive.

Section 1198 provides:

"The election of any person to any county office, or to a

seat in either branch of the general assembly, may be contested by any person eligible to such office; and the election of any person to a state office, or to the office of presidential elector, by any eligible person who received votes for the same office; and the grounds therefor shall be as follows:

"1. Misconduct, fraud or corruption on the part of judges of election in any precinct, or of any board of canvassers, or any member of either board, sufficient to change the result;

"2. That the incumbent was not eligible to the office at the time of election;

"3. That the incumbent has been duly convicted of an infamous crime before the election, and the judgment has not been reversed, annulled or set aside, nor the incumbent pardoned, at the time of election;

"4. That the incumbent has given or offered to any elector, or any judge, clerk or canvasser of the election, any bribe or reward in money, property or thing of value, for the purpose of procuring his election;

"5. That illegal votes have been received or legal votes rejected at the polls, sufficient to change the result;

"6.' Any error in any board of canvassers in counting the votes, or in declaring the result of the election, if the error would affect the result;

"7. Any other cause which shows that another person was the person duly elected."

Section 1201 provides:

"The court for the trial of contested county elections shall be thus constituted: The chairman of the board of supervisors shall be the presiding officer, and the contestant and incumbent may each name a person who shall be associated with him."

Section 1250 provides:

"All the provisions of this chapter in relation to contested elections of county officers shall be applicable, as near as may be, to contested elections for other offices, except as herein otherwise provided, and in all cases process and papers may be issued to and served by the sheriff of any county."

It will be noted from an examination of the chapter that it does not in terms refer to township officers. The office in question is not a county office. If Chapter 7 is to be construed

as applicable to a contested election for a township office, it must be by virtue of Section 1250, above quoted. It will be noted that Chapter 7 provides a course of procedure for all election contests provided for therein. It also provides for the creation of a contest tribunal. If the contest be for a county office, the chairman of the board of supervisors becomes the presiding officer of such tribunal. Section 1201. If the contest be for a state office other than that of governor or lieutenant governor, a judge becomes the presiding officer of the selected tribunal. Section 1224. If the office of governor or lieutenant governor be the subject of contest, the creation of a tribunal is provided for by Section 1242. If a presidential elector be involved in the contest, provision for the creation of the tribunal is made by Section 1246. If a city or town office is involved in contest, the tribunal is created under the provisions of Section 678, whereby the mayor is made a presiding officer. It will be seen from the foregoing that the statute makes specific provision for an election contest over any or every office which may be filled by an election, whether state, county, or municipal, but no specific reference is made therein to township officers. If there be any statutory provisions which contemplate an election contest over a township officer, it must be found in Section 1250. There are no unmentioned officers to which such section could apply unless it is held to apply to township officers. It is argued by appellee that the board of supervisors do not canvass the votes for township trustees, and do not certify to the election, and that, therefore, its chairman sustains no special relation to such office. That might be an argument before the legislature for the selection of some other presiding officer than the chairman of the board of supervisors, such as is done by Section 678, in providing that the mayor shall be the presiding officer where a municipal office is involved in the contest. Unless it be true that Section 1250 was intended to bring township officers within the provisions of Chapter 7 as to county officers, it has no function whatever to perform. To hold to the negative is to wholly obliterate such section. We are constrained to the view, therefore, that its intent was to bring township officers within the purview of this chapter. The order of the trial court dis-

missing the proceeding must, therefore, be reversed.—*Reversed and remanded.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.